IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGEL BOOKER                                                                                    PLAINTIFF

vs.                                          Civil No. 6:08-cv-06059

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Angel Booker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II ans XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her disability applications on September 14, 2005.[2]  (Tr. 15, 62-63, 76-78). Plaintiff alleged she was disabled due to a variety of problems, including diabetes, headaches, knee

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed applications for disability in 1995 and 2002.  (Tr. 35).  However, those applications are not before this Court. (Tr. 35-41).

1

problems, asthma, high blood pressure, back spasms, leg cramps, migraines, chronic back pain, left shoulder pain, left hand problems, carpal tunnel syndrome in her right hand, and chronic neck pain. (Tr. 363-372). Plaintiff alleged an onset date of June 1, 2001. (Tr. 62, 76). These applications were initially denied on November 3, 2005 and were denied again on reconsideration on February 13, 2006. (Tr. 47-49, 83-86).

On February 16, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 60-61). This hearing request was granted, and a hearing on this matter was held on April 18, 2007 in Hot Springs, Arkansas. (Tr. 354-377). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed high school. (Tr. 358).

On October 22, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-22). In this decision, the ALJ found that the December 15, 2003 DDS decision involving claims filed on June 27, 2002 was not reopened and that the issue of disability through that date was final. (Tr. 20, Finding 1). Accordingly, despite Plaintiff's alleged onset date of June 1, 2001, the ALJ found the relevant time period for her application did not begin until December 16, 2003. (Tr. 15). The ALJ found Plaintiff met the insured status requirements of the Act on her alleged onset date and continued to meet them through June 30, 2006. (Tr. 20, Finding 2). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 20, Finding 2).[3] The ALJ determined Plaintiff had the following

---

[3] The ALJ made mistakenly made "Finding 2" twice. (Tr. 20-21).

2

severe impairments: diabetes, hypertension, and a history of asthma. (Tr. 21, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found her claimed limitations were not totally credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> The claimant has the residual functional capacity for an essentially full range of light exertional work, which requires her to lift up to twenty pounds occasionally and ten pounds frequently, while sitting or standing/walking up to six hours each in an eight-hour day, with no concentrated exposure to air pollutants.

(Tr. 21, Finding 6).

The ALJ then evaluated Plaintiff's PRW. (Tr. 21, Finding 7). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 354-377). Based upon this testimony, the ALJ determined Plaintiff could not perform any of her PRW. (Tr. 21, Finding 7). However, the ALJ also determined, considering her age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which Plaintiff would be able to perform. (Tr. 21, Finding 10). In making this determination, the ALJ relied exclusively upon the Medical-Vocational Guidelines or the "Grids." By applying Medical-Vocational Rule 202.20, the ALJ found, given Plaintiff's age, education, and work experience, that she was not disabled. (Tr. 21, Findings 10-11).

3

On November 14, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9-10). *See* 20 C.F.R. § 404.968. On May 14, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 5-7). On June 6, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 18, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ's decision is not supported by substantial evidence in the record and (2) the ALJ erred by discrediting her allegations and by finding she was capable of performing light and sedentary work. (Doc. No. 7, Pages 3-17). In response,

Defendant argues that substantial evidence supports the ALJ's decision that Plaintiff was not disabled within the meaning of the Act, the ALJ properly applied the Medical-Vocational Guidelines in determining Plaintiff was not disabled, and the ALJ properly evaluated Plaintiff's subjective complaints and discounted them for legally-sufficient reasons. (Doc. No. 8, Pages 3-11). Because this Court finds the ALJ erred by applying the Medical-Vocational Guidelines, this Court will only address the first issue Plaintiff raised.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). The Eighth Circuit has specifically found that, where the clamant suffers from an intolerance for "atomspheric pulmonary irritants," such as certain chemicals or fumes, the Grids cannot be mechanically applied. *See id.* They cannot be mechanically applied because such limitations are considered non-exertional impairments. *See also* Carolyn A. Kubitschek, *Social Security Disability: Law and Procedure in Federal Court* 346 (Clark Boardman Callaghan 1994) (1994) (noting that all the limitations caused by individuals who must "avoid exposure to dust, fumes, chemicals, and other airborne pollutants" are non-exertional impairments); *Nimick v. Sec'y of Health and Human Services,* 887 F.3d 864, 868 n.7 (8th Cir. 1989) (noting that the clamant's allergies were non-exertional impairments).

Instead of mechanically applying the Grids, the ALJ must give special consideration to those symptoms and should hear testimony from a vocational expert in order to determine whether a claimant can perform work existing in significant numbers in the national economy. *See id. See also Cronkhite v. Sullivan,* 935 F.2d 133, 134 (8th Cir. 1991) (affirming the ALJ's disability

determination because in that case, unlike in *Asher,* the ALJ heard testimony from a vocational expert regarding the jobs the claimant could perform even with her "inability to tolerate many environmental irritants").

In the present action, the ALJ found Plaintiff should avoid "concentrated exposure to air pollutants." (Tr. 21, Finding 6). Such a limitation is considered a non-exertional impairment, and the ALJ required to hear the testimony of a vocational expert in order properly consider such a limitation. *See Asher,* 837 F.2d at 827-28. However, despite this non-exertional impairment, the ALJ *did mechanically apply* the Grids to his disability determination and did not hear the testimony of a vocational expert on this issue. (Tr. 21, Finding 10). This was in error. *See Asher,* 837 F.2d at 827-28. The ALJ was required to hear the testimony of a vocational expert in order to fully evaluate Plaintiff's ability to perform other work existing in significant numbers in the national economy. *See id.* The ALJ's failure to hear this testimony was reversible error, and this case should be reversed and remanded for further findings consistent with this opinion.[4]  *See id.*

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of September, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] Indeed, not only did the ALJ "mechanically apply" the Grids, but the ALJ also failed to provide *any references* to *any jobs* Plaintiff could perform with her limitations. Such a failure to specifically identify other work existing in significant numbers in the national economy was also in error.